508 A.2d 1306

Stephen Rutledge, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Submitted on briefs December 10, 1985, to President Judge CRUMLISH, JR., Judge BARRY, and Senior Judge BLATT, sitting as a panel of three.

*David M. McGlaughlin,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE BARRY, May 7, 1986:

This is an appeal by Stephen Rutledge (appellant) of a decision issued by the Court of Common Pleas of Philadelphia County affirming a suspension of his driver's license for failing to take a breathalyzer test.

The appellant was arrested for driving while under the influence of alcohol. His refusal to submit to a breathalyzer test resulted in a one-year suspension of his driver's license. Section 1547(b)(1) of the Vehicle Code, *as amended,* 75 Pa. C. S. §1547(b)(1).

A hearing was held on February 14, 1984, before the Court of Common Pleas of Philadelphia. On February 17, 1984, the trial court issued an order affirming the suspension. On March 15, 1984, the appellant, through new counsel, filed a notice of appeal to this court. On March 19, 1984, the trial court, pursuant to Pa. R.A.P. 1925(b), issued an order directing the appellant to file within fifteen days a concise statement of the

matters complained of in the appeal. This statement was not filed until June 21, 1984. The trial court wrote its opinion on May 22, 1984, without the benefit of the appellant's statement of concise issues.

In his appeal to this court, the appellant seeks a remand so that the trial court may consider a constitutional issue[1] which was raised by his attorney for the first time one month after the trial court wrote its opinion. The appellant explains that, on March 22, 1984, he filed a motion[2] seeking an extension of time within which to file the 1925(b) statement because he had not yet received the notes of testimony from the February 14, 1984 hearing. His attorney, in fact, maintains that he did not receive the transcript until June 15, 1984. Based on these facts, the appellant concludes that a remand is in order because he should not be penalized for the trial court's failure to wait for the 1925(b) statement. We disagree.

Pa. R.A.P. 302(a) states: "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." The appellant clearly did not raise the constitutional issue during the hearing, and he did not file an application for reconsideration of the trial court's order as he could have under Pa. R.A.P. 1701(b). But he tried instead to raise the issue for the first time through a 1925(b) statement. At that point, the notice of appeal to this court had been filed and it was definitely too late to raise a new issue. The purpose of Pa. R.A.P. 1925(b) is not to give appellants one last opportunity to raise issues they failed to raise previously before the trial

---

[1] The appellant's statement of matters complained of on appeal simply states: "75 Pa. C.S.A. 1547 is unconstitutional as being in direct and express violation of Article I §9 of the Pennsylvania Constitution."

[2] The appellant admits in his brief that the docket entries do not reflect that this motion was ever filed.

court. This rule simply allows the trial court to seek a clarification as to which of the issues already raised will be pursued upon appeal. Consequently, we need not consider the reasons advanced by the appellant for his failure to file the 1925(b) statement in a timely fashion, because even if it had been filed within the prescribed time limit, it would not have succeeded in raising an issue which had already been waived.

The trial court's decision sustaining the suspension of the appellant's driver's license is affirmed.

ORDER

Now, May 7, 1986, the order of the Court of Common Pleas of Philadelphia County, at No. 2988, dated February 17, 1984, is affirmed.