J-A26018-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| SANDRA G. RUTKOWSKI | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES W. STENGER | : | No. 121 WDA 2018 |

Appeal from the Judgment Entered February 12, 2018
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD 10-007363

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MURRAY, J.

MEMORANDUM BY SHOGAN, J.:                    FILED NOVEMBER 30, 2018

Appellant, Sandra G. Rutkowski ("Rutkowski"), appeals from the

February 12, 2018 judgment entered in favor of Appellee, Charles W. Stenger

("Stenger") following a non-jury trial.[1]  After review, we affirm.

The trial court set forth the relevant factual background of this matter

as follows:

_____

[1] We point out that after a non-jury trial, an appeal lies not from the decision
of the trial court, but from a judgment entered after the disposition of post-
trial motions.  Johnston the Florist, Inc. v. TEDCO Const. Corp., 657 A.2d
511, 514 (Pa. Super. 1995).  Here, Rutkowski's post-trial motion was denied
on December 22, 2017, and she filed her notice of appeal on January 18,
2018.  This was premature.  On February 8, 2018, this Court filed an order
directing Rutkowski to praecipe for the entry of judgment, and we noted that
once judgment was entered, the premature appeal would be treated as filed
after the entry of judgment.  Judgment was entered on February 12, 2018.
Accordingly, this appeal is timely and ripe for disposition.

This novel case grew out of a personal relationship between [Rutkowski] and [Stenger]. Indeed they co-habitated for apparently 20 years until their relationship dissolved in 2009. At that point Rutkowski filed a complaint in our Family Division at Docket Number FD-09-001894 averring a common law marriage. While that case was pending Rutkowski filed another complaint at Docket Number GD-10-007363 and that is the one herein: This case was held in abeyance while the common law marriage case proceeded. It was heard in Family Division before my colleague, the Honorable Jennifer Satler. Judge Satler denied relief by her order of March 19, 2015. Rutkowski appealed that order to the Superior Court where it was [affirmed[2]]. Satler then ruled that the case here was to be heard in the Civil Divis[i]on.

In [the instant] case, Rutkowski asserted that she and Stenger had a partnership in real estate investments made over the period of their co-habitation. To that end, Rutkowski on April 10, 2009, had filed a multi-count complaint against Stenger alleging 1) Claims in equity to give her an interest in certain specified real estate; 2) requested a Preliminary Injunction to prevent sale of any such real estate; 3) Breach of contract in regard to the alleged oral contract to be partner in the specified real estate. [Rutkowski] also filed a lis pendens with respect to all said real estate. One parcel of real estate had been sold and the net proceeds therefrom were placed in escrow.

The issue of the money in escrow from the sale of certain real estate came before me in Motions Court. Later, I held a conference on that issue on May 2, 2017 and Counsel for Rutkowski pointed out that the common-law marriage determination did not dispose of the case and the equity claim and the breach of contract claims were still viable. I agreed and scheduled a Trial for September 8, 2017 which was ultimately heard, non-jury, before me on September 8 and 9, 2017.

Trial Court Opinion, 12/6/17, at 1-2.

_____

[2] Rutkowski v. Stenger, 151 A.3d 1133, 506 WDA 2015 (Pa. Super. filed May 3, 2016) (unpublished memorandum).

Following trial, the trial court concluded there was no partnership. The trial court found that Stenger was credible, concluded that Rutkowski was not credible, opined that Rutkowski's claims were barred by the statute of frauds and statute of limitations, and dismissed Rutkowski's complaint on all counts. Additionally, the trial court struck the lis pendens and ordered all funds held in escrow to be paid to Stenger. Rutkowski's post-trial motions were denied, and this timely appeal followed. Both Rutkowski and the trial court complied with Pa.R.A.P. 1925.

On appeal, Rutkowski raised the following issues for this Court's consideration:

> 1. Whether the trial court erred as a matter of law in finding that Rutkowski's claims for breach of the oral partnership agreement or her claim in equity were barred by the statute of limitations?
>
> 2. Whether the trial court erred as a matter of law in finding that Rutkowski's claims of a partnership for investment into parcels of real estate with Stenger were barred by the Statute of Frauds?
>
> 3. Whether the trial court's finding that Rutkowski was not credible in her claim of a partnership agreement because of the tax liens filed against her by the Internal Revenue Service is an abuse of discretion by the trial court, and an error of law?

Rutkowski's Brief at 4.[3]

Our standard of review of a decision made following a non-jury trial is well settled:

_____

[3] For purposes of our disposition, we have renumbered Rutkowski's issue on appeal.

Our review in a non-jury case is limited to "whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in the application of law." We must grant the court's findings of fact the same weight and effect as the verdict of a jury and, accordingly, may disturb the non-jury verdict only if the court's findings are unsupported by competent evidence or the court committed legal error that affected the outcome of the trial. It is not the role of an appellate court to pass on the credibility of witnesses; hence we will not substitute our judgment for that of the factfinder. Thus, the test we apply is "not whether we would have reached the same result on the evidence presented, but rather, after due consideration of the evidence which the trial court found credible, whether the trial court could have reasonably reached its conclusion."

Kennedy v. Consol Energy Inc., 116 A.3d 626, 640 (Pa. Super. 2015)

(citation and quotation marks omitted).

The rules for determining the formation of a partnership provide as follows:

(a) General rule.--Except as provided in subsection (b), the association of two or more persons to carry on as co-owners a business for profit forms a partnership, whether or not the persons intend to form a partnership.

(b) Excluded associations.--An association formed under a statute other than this chapter, a predecessor statute or a comparable statute of another jurisdiction is not a partnership under this chapter.

(c) Rules for determining formation of partnership.--In determining whether a partnership is formed, the following rules apply:

(1) Joint tenancy, tenancy in common, tenancy by the entireties, joint property, common property or part ownership does not by itself establish a partnership, even if the co-owners share profits made by the use of the property.

(2) The sharing of gross returns does not by itself establish a partnership, even if the persons sharing them have a joint or common right or interest in property from which the returns are derived.

(3) A person who receives a share of the profits of a business is presumed to be a partner in the business, unless the profits were received in payment:

(i) of a debt by installments or otherwise;

(ii) for services as an independent contractor or of wages or other compensation to an employee;

(iii) of rent;

(iv) of an annuity or other retirement or health benefit to a deceased or retired partner or a beneficiary, representative or designee of a deceased or retired partner;

(v) of interest or other charge on a loan, even if the amount of payment varies with the profits of the business, including a direct or indirect present or future ownership of the collateral, rights to income, proceeds or increase in value derived from the collateral; or

(vi) for the sale of the goodwill of a business or other property by installments or otherwise.

15 Pa.C.S. § 8422(a)-(c).[4]  Moreover, "No formal or written agreement is required in determining whether a partnership exists."  In re Estate of Caruso, 176 A.3d 346, 349 (Pa. Super. 2017) (citation omitted).  "A

_____

[4] Relevant portions of current 15 Pa.C.S. § 8422 were previously set forth in 15 Pa.C.S. §§ 8311 and 8312, which were repealed and replaced on November 21, 2016, by 15 Pa.C.S. § 8422, effective February 21, 2017.

partnership may be found to exist by implication from the circumstances and manner in which the business was conducted." Id. (citation omitted).

In Rutkowski's first issue, she avers that the trial court erred in finding that the statute of limitations barred her claims for breach of an oral partnership agreement. Generally, the statute of limitations for a breach-of-contract claim is four years. Steiner v. Markel, 968 A.2d 1253, 1255, n.5 (Pa. 2009) (citing 42 Pa.C.S. § 5525). However, the trial court provided no discussion as to when the statute of limitations began to run and when Rutkowski should have filed a claim in order for it to have been timely. Rather, the trial court merely stated: "Stenger also testified that their relationship, even spanning 20 years, was a stormy one and he frequently evicted her from their abode, which he owned. Obviously the Statute of Limitation has run on all the properties purchased by Stenger." Trial Court Opinion, 12/6/17, at 4. After review, we are constrained to agree with Rutkowski that the trial court's cursory reference to the statute of limitations fails to explain or support the conclusion that her claim was barred. Nevertheless, we may affirm the trial court's decision on any proper basis. Bienert v. Bienert, 168 A.3d 248, 254 n.7 (Pa. Super. 2017) (citation omitted). Accordingly, although we cannot agree that Rutkowski's claim is necessarily barred by the statute of limitations, this conclusion does not end our analysis.

In her second and third issues, Rutkowski argues that the trial court erred in finding that her claims of a partnership were barred by the Statute of

Frauds and in concluding that she was not credible because of the tax liens filed against her by the Internal Revenue Service. After review, we discern no error.

Initially, we point out that the trial court found Stenger's argument "that the Statute of Frauds bars [Rutkowski's] claim[,] to be persuasive." Trial Court Opinion, 12/6/17, at 4. After review of the certified record and the trial court opinion, we agree with the trial court and conclude the Statute of Frauds militated against Rutkowski in her attempt to prove the existence of a partnership. In other words, the Statute of Frauds requires transfers of real estate to be in writing,[5] and there is no evidence that any of the transfers of land in this case bore her name or referred to her in any fashion. If the relevant real estate transactions involved "the partnership" and referred to Rutkowski in any manner, it could have been perhaps, some evidence of her involvement in what could be construed as a partnership. Instead, the real estate transactions involved Stenger only, and this fact worked against a finding that a partnership existed.

Additionally, the trial court did not decline to find the existence of a partnership based solely on the issue of the tax liens; rather, the tax liens

_____

[5] The Statute of Frauds requires that the transfer of an ownership interest in real property must be in writing and signed by the parties granting the interest. Nolt v. TS Calkins & Associates, LP, 96 A.3d 1042, 1047 (Pa. Super. 2014); 33 P.S. § 1.

were merely one aspect the trial court used to assess Rutkowski's credibility. In this non-jury trial, the trial court, sitting as the finder of fact, determined the credibility of the witnesses. Kennedy, 116 A.3d at 640. The trial court made the following findings:

> The parties did not dispute the fact of co-habitation for many years until 2009. The issue of an oral contact or a business partnership was hotly disputed. … Rutkowski, testified that shortly after she met … Stenger they agreed to enter into a course of business in which they would buy Real Estate and she would have an unspecified part interest in that property. Stenger vigorously disputed this assertion. Rutkowski said the first property to be bought was at 27-29 Cedricton Street, Pittsburgh, PA 15210 and to which she contended she had contributed $4,000 which she had borrowed from her father. While a closing statement for this purchase, held on August 5, 1988, was produced, it was barely legible and it showed a hand money deposit but [the trial court was unable to discern if the amount listed] was $4,000 or $1,000. Further, it makes no reference as to [whether it was Rutkowski or Stenger] who provided that money (Exhibit 21A). Stenger averred that he contributed that $4,000 and said Rutkowski never made any contribution at any time. Rutkowski offered a barely legible copy of a closing statement for the property.

> There is no written documentation to support this claimed partnership with the exception of a brief time in 1990 when Rutkowski's name was on Stenger's checking account. See Exhibits B and 35. He said he removed her name because of her abuse of the account and her profligate spending and continued to deny any contract or partnership.

> [The trial court inquired of] Rutkowski why her name was not on any of the properties that were purchased over a significant period of years. She offered the bizarre explanation that she did not want her name on any real estate because of her ongoing problems with the IRS. Rutkowski was a real estate agent and apparently made a significant income but she never paid taxes or enough taxes. As a result, she had significant Federal Tax Liens and as of the hearing on September 13, 2017, she had a Federal Tax Lien of $300,000.

[Rutkowski] offered no reasonable or even plausible reasons for this conduct and continued to accumulate tax liens for many years and apparently never sought to get her problem with the IRS corrected, or to pay taxes as they accrued.

Trial Court Opinion, 12/6/17, at 2-3.

The trial court explicitly stated that it found Stenger credible while finding Rutkowski not credible. Trial Court Opinion, 12/6/17, at 4. Although the parties at one time had a personal relationship, there is no evidence that the parties formed a partnership for conducting business. After review, we discern no error of law or abuse of discretion in the trial court's decision. Accordingly, we affirm the judgment entered in favor of Stenger.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/30/2018

- 9 -