# IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

| | | |
|---|---|---|
| HARRY SCHMIDT AND GARY SCHMIDT, | : | No. 354 EAL 2020 |
| | : | |
| Respondents | : | |
| | : | Petition for Allowance of Appeal |
| | : | from the **Unpublished** |
| v. | : | **Memorandum and Order** of the |
| | : | Superior Court at No. 1310 EDA |
| | : | 2019 entered on July 8, 2020, |
| ROBERT ROSIN, INDIVIDUALLY AND AS | : | **affirming, vacating and** |
| ROBERT ROSIN, ESQ., | : | **remanding** the Order of the |
| | : | Philadelphia County Court of |
| Petitioner | : | Common Pleas at No. 0428 April |
| | | Term 2018 entered on April 2, 2019 |

## ORDER

**PER CURIAM**

**AND NOW**, this 7th day of April, 2021, the Petition for Allowance of Appeal is **GRANTED,** on a limited basis, the Superior Court's order is **VACATED** to the extent that it revived the dismissed claim of legal malpractice asserted on behalf of Gary Schmidt, and the matter is **REMANDED** for consideration of whether Respondents raised and preserved a contract-based theory consistent with the requirements stated in *Steiner v. Markel*, 968 A.2d 1253 (Pa. 2009). The petition for allowance of appeal is DENIED in all other respects, albeit without prejudice to Petitioner's ability to raise his arguments under *Guy v. Liederbach*, 459 A.2d 744 (Pa. 1983), and *Estate of Agnew v. Ross*, 152 A.3d 247 (Pa. 2017), in a subsequent petition for allowance of appeal, should the issue-preservation issue be decided adversely to him.

To guide the ensuing review, the Court notes the following. Citing *Steiner*, Petitioner asserts that the Superior Court inappropriately proceeded *sua sponte* to raise

a contract-based theory to support the viability of a cause of action by Gary Schmidt for legal malpractice.

The central holding of *Steiner* was that plaintiffs would not be permitted to pursue a contract-based theory on appeal in a legal malpractice action, where the intention to purse relief based on contract principles was not properly developed and preserved. *See Steiner*, 968 A.2d at 1260. And significantly, a sufficient treatment of an issue in an appellant's brief is an essential component of issue preservation. *See, e.g., Commonwealth v. Johnson,* 985 A.2d 915, 924 (Pa. 2009) (explaining that, "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.")*.*

Here, in Respondents' brief to the Superior Court as the appellants, they relied upon *Kituskie v. Corbman*, 714 A.2d 1027 (Pa. 1998), in setting forth the elements of the cause of action pursued in the operative pleading (a second amended complaint). *See* Brief for Appellants dated Oct. 26, 2019, in *Schmidt v. Rosen*, No. 1310 EDA 2019, at 9. Under *Steiner,* the elements set forth in *Kituskie* are deemed to frame an action grounded in tort and not in contract. *See Steiner*, 968 A.2d at 1255 (also citing *Kitukie*). Furthermore, Respondents' Superior Court brief does not mention the terms "contract" or third-party beneficiary."