IN THE COMMONWEALTH COURT OF PENNSYLVANIA

McKean County Housing Authority   :
                                          :
          v.                         :
                                          :
Cari Harriger and Frank Harriger,   :   No. 680 C.D. 2022
                Appellants   :   Submitted: February 6, 2024

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                            FILED:  March 5, 2024

Cari Harriger and Frank Harriger (collectively, Harrigers) appeal pro se from the McKean County (County) Common Pleas Court's (trial court) February 8 and February 9, 2022 orders.[1] The Harrigers present three issues for this Court's review: (1) whether, under Section 966.4 of the United States (U.S.) Department of Housing and Urban Development (HUD) Regulations,[2] the County Housing Authority (Authority) complied with the requirements set forth to proceed with the complaint; (2) whether, under Section 966.4 of HUD's Regulations and Section 1437d of the U.S. Code,[3] the Authority complied with the requirements to terminate the lease; and (3) whether the trial court's opinion and judgment, based on an expired lease, violates Section 966.4 of HUD's Regulations and Section 1437d of the U.S.

---

[1] In its February 8, 2022 order, the trial court reinstated its November 8, 2021 order, which entered judgment in the amount of $1,353.86 in favor of the County Housing Authority (Authority) and directed that the Harrigers vacate the residential unit the Authority owns within 60 days of the order date. The February 9, 2022 order modified the February 8, 2022 order by updating the dates included therein.

[2] 24 C.F.R. § 966.4 (relating to lease requirements).

[3] 42 U.S.C. § 1437d (relating to contract provisions and requirements).

Code, rendering the opinion and judgment defective and unlawful. After review, this Court affirms.

On or about January 18, 2017, the Authority and the Harrigers entered into a written lease agreement (Lease) for a residential unit located at 3 Fosterview Drive, Bradford, Pennsylvania (Property). The Lease was for a one-year term, which was set to renew annually unless further action was taken. The Lease was renewed for additional terms ending on January 17, 2019, and January 17, 2020, respectively. The Harrigers' monthly rent obligation was $320.00 per month. On November 18, 2019, the Authority notified the Harrigers of its intention to not renew the Lease, the term of which expired January 17, 2020, due to alleged Lease violations.

Damian Sipko, Director of Housing for the Authority, hand delivered a Notice of Lease Termination (Termination Notice) to the Harrigers on or about November 18, 2019. The Harrigers did not challenge the nonrenewal of the Lease, which subsequently expired on January 17, 2020.[4] The Harrigers refused to vacate the Property after the end of the Lease term and the Authority filed an eviction action in Magisterial District (MD) Court. On January 19, 2021, MD Judge Dominic A. Cercone, Jr. held a hearing and entered judgment in favor of the Authority for unpaid rent in the amount of $1,697.05, plus $149.00 in filing fees, and granted the Authority possession of the premises.

The Harrigers appealed to the trial court, which held a bench trial on September 30, 2021. On November 8, 2021, the trial court entered judgment in the amount of $1,353.86 in the Authority's favor and directed the Harrigers to vacate the Property within 60 days of the order date. On November 18, 2021, the Harrigers filed a motion for post-trial relief. On November 19, 2021, the trial court granted

---

[4] The Harrigers continue to reside at the Property without a lease. The Harrigers pay their monthly rent obligation into an escrow account with the County Prothonotary.

the Harrigers' post-trial motion and vacated its November 8, 2021 order. The trial court held a hearing on January 21, 2022. On February 8, 2022, the trial court reinstated its November 8, 2021 order finding in part that the Harrigers did not raise their arguments at or before trial, in violation of Pennsylvania Rule of Civil Procedure 227.1(b).[5] The Harrigers appealed to this Court.[6] The trial court directed the Harrigers to file a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b) (Rule 1925(b) Statement). On March 24, 2022, the Harrigers filed their Rule 1925(b) Statement. On April 25, 2022, the trial court filed its opinion pursuant to Rule 1925(a) (Rule 1925(a) Opinion).[7]

Preliminarily, the Authority argues that the Harrigers have waived the issues raised in this appeal, because, *inter alia*, they failed to preserve their issues for appeal in their Rule 1925(b) Statement. Specifically, the Authority contends that in their Rule 1925(b) Statement, the Harrigers abandoned all previously raised issues under Section 966.4 of HUD's Regulations, and other grounds, instead promoting

---

[5] On February 9, 2022, the trial court filed a clarification order updating the dates contained therein as the deadlines set forth in its original order had already passed.

[6]

> "When reviewing a non-jury verdict, our standard of review is limited to determining whether the [substantial] evidence supports the trial court's findings of fact and whether the trial court committed an error of law." *E. Coast Paving & Sealcoating, Inc. v. N. Allegheny Sch. Dist.*, 111 A.3d 220, 225 n.8 (Pa. Cmwlth. 2015). "This Court must treat the trial court's findings of fact the same as this Court would treat a jury's findings of fact." *Id.* "This Court views the evidence in the light most favorable to the party that prevailed before the trial court." *Id.*

*Carulli v. N. Versailles Twp. Sanitary Auth.*, 216 A.3d 564, 572 n.4 (Pa. Cmwlth. 2019).

[7] Rather than address the issues raised in the Harrigers' Rule 1925(b) Statement, the trial court referenced its November 8, 2021 opinion and order, and its February 8, 2022 order, and attached both for this Court's convenience. *See* Rule 1925(a) Opinion at 2.

3

an entirely new theory under Section 247.4(b) of HUD's Regulations,[8] that the Termination Notice was ineffective due to improper service.[9]

Pursuant to Rule 1925(b), the trial court's order provided:

> **AND NOW**, this 9[th] day of March 2022, the appellant[s] in the above captioned matter [are] directed to file of record a [Rule 1925(b) Statement] and concurrently serve the trial [court] judge with this [Rule 1925(b) S]tatement pursuant to [Rule] 1925(b)(1).
>
> The [Rule 1925(b) Statement] shall be filed twenty-one (21) days from the date of this [o]rder's entry.
>
> **Issues not included in the [Rule 1925(b) S]tatement and/or not raised in accordance with [Rule] 1925(b) are waived**.[10]

---

[8] 24 C.F.R. § 247.4(b) (relating to service of termination notices).

[9] Although the Authority filed its brief on June 5, 2023, before the Harrigers filed their brief on July 12, 2023, the Harrigers did not address the Authority's waiver arguments.

[10] Rule 1925(b)(4) provides:

> *Requirements; waiver.*
>
> (i) The [Rule 1925(b)] Statement shall set forth only those errors that the appellant intends to assert.
>
> (ii) The [Rule 1925(b)] Statement shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the [trial court] judge. The [trial court] judge shall not require the citation to authorities or the record; however, appellant may choose to include pertinent authorities and record citations in the [Rule 1925(b)] Statement.
>
> (iii) The [trial court] judge shall not require any party to file a brief, memorandum of law, or response as part of or in conjunction with the [Rule 1925(b)] Statement.
>
> (iv) The [Rule 1925(b)] Statement should not be redundant or provide lengthy explanations as to any error. Where non-redundant, non-frivolous issues are set forth in an appropriately concise manner, the number of errors raised will not alone be grounds for finding waiver.

In preparing the [Rule 1925(b) S]tatement, [the Harrigers'] attention is directed to [Rule] 2116(a).[11]

Original Record (O.R.) at Item 6 (text emphasis added).

In their Rule 1925(b) Statement, the Harrigers stated, in relevant part:

Did the [trial court] court err in its ruling for the [Authority] by upholding the eviction?

---

(v) Each error identified in the [Rule 1925(b)] Statement will be deemed to include every subsidiary issue that was raised in the trial court; this provision does not in any way limit the obligation of a criminal appellant to delineate clearly the scope of claimed constitutional errors on appeal.

(vi) If the appellant in a civil case cannot readily discern the basis for the [trial court] judge's decision, the appellant shall preface the [Rule 1925(b)] Statement with an explanation as to why the [Rule 1925(b)] Statement has identified the errors in only general terms. In such a case, the generality of the [Rule 1925(b)] Statement will not be grounds for finding waiver.

(vii) Issues not included in the [Rule 1925(b)] Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.

Pa.R.A.P. 1925(b)(4).

[11] Rule 2116(a) provides:

**General rule**. The statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail. The statement [of the questions involved] will be deemed to include every subsidiary question fairly comprised therein. No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby. Each question shall be followed by an answer stating simply whether the court or government unit agreed, disagreed, did not answer, or did not address the question. If a qualified answer was given to the question, appellant shall indicate the nature of the qualification, or if the question was not answered or addressed and the record shows the reason for such failure, the reason shall be stated briefly in each instance without quoting the court or government unit below.

Pa.R.A.P. 2116(a).

> **The [trial court] court erred when it failed to dismiss this case**, . . . **due to the** [Termination Notice] **being ineffective** pursuant [to Sections 247.3(a), and 247.4(a)(4), (b)(1)(2), (c), (f) of HUD's Regulations,] [] 24 C.F.R. § 247.3(a), 24 C.F.R. § 247.4(a)(4), (b)(1)(2), (c), (f), **Manner of Service**.
>
> The [Authority] attest[s] to have provided the [Harrigers] with a [Termination Notice] on November 18, 2019, and also attest[s] to the manner of service. A Notice of Adverse Action was also provided as evidence and also stated the manner of service. **Both attest to hand delivery only**.
>
> On the above date stated, the [Harrigers] were still in a contractual lease agreement with the . . . Authority, which afforded the [Harrigers] rights under [Section] 247 [of HUD's Regulations].
>
> . . . .
>
> o     **Notice of Termination was not sent by first class mail**.
>
> . . . .
>
> o     As stated by Your Honor in your analysis, the [Authority] [is] not seeking eviction based on alleged violations, but instead seek eviction on the grounds of residing in the unit without a lease. **Failure to provide Other Good Cause for the eviction render the single Manner of Service ineffective**.
>
> **Due to the defective Service of Process** on the [Authority's] part, under [] [Section] 247 [of HUD's Regulations], **the** [Termination Notice] **contains a Fatal Defect**.

O.R. at item 7 (emphasis added).

The Pennsylvania Supreme Court has made clear: "'Any issues not raised in a [Rule] 1925(b) [S]tatement will be deemed waived.' [*Commonwealth v.*] *Lord*, 719 A.2d [306,] 309 [(Pa. 1998)]." *Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005); *see also Commonwealth v. Parrish*, 224 A.3d 682, 701 (Pa. 2020)

6

("[W]here . . . appellate counsel has wholly failed in a Rule 1925(b) [S]tatement to identify with sufficient detail the issues to be raised on appeal, consistent with our prior decisions in *Lord*, [*Commonwealth v.*] *Butler*, [812 A.2d 631 (Pa. 2002)], and *Castillo*, those issues are waived."). Further,

> in general, a Rule 1925(b) [S]tatement cannot resurrect an otherwise untimely claim or objection. *See Commonwealth v. DeLoach*, 714 A.2d 483, 486 n.8 (Pa. [Cmwlth.] 1998) (holding that issues not raised at trial cannot be raised in a [Rule] 1925(b) [S]tatement); *Rutledge v. Dep*[*'t*] *of Trans*[*p.*], . . . 508 A.2d 1306, 1306-07 ([Pa.] 1986) (same). Because issues not raised in the lower court are waived and cannot be raised for the first time on appeal, a [Rule] 1925(b) [S]tatement can therefore never be used to raise a claim in the first instance. [*See* Rule 302,] Pa.R.A.P. 302. Pennsylvania law is clear that claims and objections that are not timely made are waived. *See Takes v. Metro*[.] *Edison Co.*, . . . 695 A.2d 397, 401 ([Pa.] 1997) (applying the rule of waiver in the context of trial objections).

*Steiner v. Markel*, 968 A.2d 1253, 1257 (Pa. 2009) (footnote omitted); *see also Commonwealth v. Lewis* (Pa. Cmwlth. No. 129 C.D. 2018, filed Sept. 28, 2018), slip op. at 4 ("[T]he fact that [the appellant] eventually raised these claims in the [Rule] 1925(b) Statement that he filed in the trial court does not preserve them for our review.").[12]

In their brief, the Harrigers raised the following issues:

STATEMENT OF QUESTIONS

1. Whether, under [Section] 966.4 [of HUD's Regulations], the [Authority] complied with the requirements set forth to proceed with the complaint.

---

[12] This Court's unreported memorandum opinions may be cited "for [their] persuasive value, but not as a binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a). *Lewis* is cited for its persuasive authority.

2. Whether, under [Section] 966.4 [of HUD's Regulations] and [Section] 1437d [of the U.S. Code], the [Authority] complied with the requirements set forth to terminate the [L]ease.

3. Whether the [trial c]ourt's [o]pinion and [j]udg[]ment, based on an expired [L]ease, violates [Section] 966.4 [of HUD's Regulations] and [Section] 1437d [of the U.S. Code], rendering the [o]pinion and [j]udg[]ment defective and unlawful.

Harrigers' Br. at 5. Because the above-quoted issues were not raised in the Harrigers' Rule 1925(b) Statement, they are waived. *See Castillo*; *Parrish*. In addition, because the issue of ineffective service of the Termination Notice under Sections 247.3 and 247.4 of HUD's Regulations (manner of service), was not raised before the trial court and is being raised for the first time in the Rule 1925(b) Statement, it is also waived. *See Markel*; *Lewis*. Moreover, because the ineffective service issue is not set forth in the Harrigers' Statement of Questions, it is waived on that basis as well. *See* Pa.R.A.P. 2116(a). Accordingly, there are no issues remaining for this Court to address.

For all of the above reasons, the trial court's orders are affirmed.

_____
ANNE E. COVEY, Judge

8

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

McKean County Housing Authority     :
                                     :

         v.                          :

                                            :

Cari Harriger and Frank Harriger,     :     No. 680 C.D. 2022
                  Appellants         :

## O R D E R

AND NOW, this 5th day of March, 2024, the McKean County Common Pleas Court's February 8 and February 9, 2022 orders are affirmed.

 

 

_____

ANNE E. COVEY, Judge