J-S21017-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ASHLEY N. SUPER | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NICHOLAS PRUDEN | : | |
| | : | |
| Appellant | : | No. 2256 EDA 2020 |

Appeal from the Order Entered October 7, 2020
In the Court of Common Pleas of Bucks County Civil Division at No(s):
No. 2020-61637

BEFORE:   BOWES, J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:                    **FILED FEBRUARY 9, 2022**

Appellant, Nicholas Pruden, appeals *pro se* from the order of court filed on October 7, 2020, in which the trial court entered a two-year permanent Protection from Abuse ("PFA")[1] order against him.   Upon review, we are constrained to dismiss this appeal because of Appellant's failure to conform to our procedural rules regarding preservation and briefing requirements.

Appellee, Ashley N. Super, filed a complaint seeking a temporary PFA order on September 28, 2020, after which the trial court entered a temporary PFA order in her favor and against Appellant.   The trial court scheduled a hearing in the matter on October 7, 2020.   After testimony from both parties, the trial court granted Ms. Super a two-year permanent PFA against Appellant.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***See generally*** 23 Pa.C.S.A. § 6108.

Appellant timely filed a notice of appeal to this Court on November 4, 2020. Appellant, however, filed an untimely concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); therefore, we remanded the case for the trial court to consider whether circumstances warranted *nunc pro tunc* relief. **See Super v. Pruden**, 2021 WL 5149876 (Pa. Super. Nov. 5, 2021) (unpublished memorandum). On remand and after hearing, the trial court found that Appellant was entitled to *nunc pro tunc* relief. **See** Trial Court Opinion, 12/16/21, at 1-2. Accordingly, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a) on December 16, 2021.

Although Appellant has overcome the procedural hurdle of compliance with Pa.R.A.P. 1925(b), Appellant has not adhered to the preservation requirements of Pa.R.A.P. 302(a) or the briefing requirements of Pa.R.A.P. 2111. Because Appellant's noncompliance with these appellate rules has effectively precluded appellate review, we are constrained to dismiss this appeal.

Preliminarily, we find that Appellant waived all issues before this Court. As the trial court correctly noted, Appellant did not raise before the trial court the issues he ultimately presented within his concise statement. **See** Trial Court Opinion, 12/16/21, at 6. Therefore, Appellant waived those issues. **See Steiner v. Markel**, 968 A.2d 1253, 1257 (holding, "because issues not raised in the lower court are waived and cannot be raised for the first time on appeal, a 1925(b) [concise] statement can therefore never be used to raise a claim in

the first instance."); Pa.R.A.P. 302 ("[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal."). Moreover, Appellant failed to include a statement of questions involved in his appellate brief before this Court. We cannot consider claims outside of a statement of questions involved. **See** Pa.R.A.P. 2116 ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."). Accordingly, Appellant waived his claims to this Court.

Absent waiver, Appellant's deficient brief precludes our review. The Rules of Appellate Procedure set forth mandatory briefing requirements in Rule 2101 and 2111-2119. Briefs filed with this Court must include a jurisdictional statement, the order in question, statement of the scope and standard of review, statement of questions involved, statement of the case, summary of the argument, argument section, conclusion, copy of the statement of errors complained of on appeal, and certification of compliance. Pa.R.A.P. 2101. The argument section must develop claims through meaningful discussion supported by pertinent legal authority and citations to the record. Pa.R.A.P. 2111(a)(8); Pa.R.A.P. 2119. Additionally, briefs should include a table of contents and table of citations. Pa.R.A.P. 2174. We may quash or dismiss an appeal for failure to comply with these briefing requirements. Pa.R.A.P. 2102; **see also Commonwealth v. Adams**, 882 A.2d 496, 497-498 (Pa. Super. 2005) (Superior Court may quash or dismiss appeals where non-conforming briefs have been filed). "Although the Superior Court is willing to liberally

construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." ***Id.*** at 498.

The defects in Appellant's brief are substantial in that it lacks six of the 11 requirements of Rule 2101, a table of contents or table of citations required by Rule 2174, and numbering per Rule 2173. Appellant's brief consists exclusively of a factual recitation coupled with a scant two-page argument section that neither develops a cognizable argument nor cites pertinent legal authority or facts within the record. ***See R.L.P. v. R.F.M.***, 110 A.3d 201, 208 (Pa. Super. 2015) ("arguments which are not appropriately developed are waived"). Accordingly, Appellant's failure to comply with the appellate briefing requirements, especially in light of his waiver of issues, precludes meaningful review by this Court. Thus, we dismiss this appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/09/2022