J. S21028/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WILLIAM PARKER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BARRY JOHNSON D/B/A FAB 5 | : | |
| ENTERTAINMENT, LLC, | : | |
| APPELLANT | : | |
| | : | |
| | : | No. 1564 WDA 2016 |

Appeal from the Order September 16, 2016
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD 15-009524

BEFORE: LAZARUS, J., DUBOW, J., and STRASSBURGER, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED APRIL 20, 2017**

Appellant, Barry Johnson d/b/a Fab 5 Entertainment LLC, appeals from the September 16, 2016 Order entered in the Allegheny County Court of Common Pleas denying his Petition to Strike Judgment or in the Alternative Motion to Open Judgment.  We affirm.

Appellee, William Parker, commenced this action by Writ of Summons on May 29, 2015.  On June 10, 2015, Appellee attempted to serve Appellant with the Writ at Appellant's official business address of 3515 Boulevard of the Allies, Pittsburgh.  Appellee again attempted to serve Appellant on June 11, 2015, but the sheriff noted that Appellant was not at that address.

---

[*] Retired Senior Judge assigned to the Superior Court.

Appellee reissued the Writ on March 15, 2016. Appellee served Appellant with the Writ by personal service at 912 Red River Street, Austin, Texas, using the Travis County Constable.

On March 22, 2016, Appellant requested a copy of the Complaint from Lou Kroeck, Esquire, Appellee's attorney. On May 3, 2016, Appellant's attorney, Leilah Escalera, Esquire, requested a copy of the Complaint via email from Mr. Kroeck.

On May 12, 2016, Appellee filed a three-count Complaint against Appellant, raising claims of Tortious Interference with Contractual Relations, Commercial Disparagement, and Libel *Per Se*, arising from a signed management agreement with a third-party recording artist. Appellee sent a copy of the Complaint to Appellant and his attorney. Appellant did not file an Answer to the Complaint.

On June 21, 2016, Appellee sent a Notice of Intent to Enter Judgment by Default pursuant to Pa.R.C.P. No. 237.1 to Appellant's counsel. On July 7, 2016, Appellee filed a *Praecipe* to Enter Judgment by Default, and requested a hearing on damages.

On August 30, 2016, Appellant filed a Petition to Strike Judgment or in the Alternative Motion to Open Judgment.[1] Appellant claimed in his Petition that the Judgment entered against him was invalid on its face because

---

[1] On September 20, 2016, Appellant filed another Petition to Strike Judgment or in the Alternative Motion to Open Judgment. The latter filing appears identical to the first except that it omits a proposed Order.

Appellee failed to formally serve him with the Writ of Summons or the Complaint pursuant to Pa.R.C.P. No. 402.[2] The trial court denied Appellant's Petition on September 16, 2016. Appellant timely appealed.[3]

The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) Statement, and Appellant complied. In his Rule 1925(b) statement, Appellant raised two allegations of error:

> 1. Whether the [c]ourt erred as a matter of law in denying [Appellant's] Petition to Open/Strike the Default Judgment since the Prothonotary entered the Default Judgment without any information on the docket relating to whether original process/service was accomplished in the Action?
>
> 2. Whether the [c]ourt erred as a matter of law[] in denying [Appellant's] Petition to Open/Strike the Default Judgment since the Pa.R.C.P. 237.1 Important Notice required prior to the entry of a [D]efault [J]udgment was never served on [Appellant] or [Appellant's] Attorney of Record?

Appellant's Pa.R.A.P. 1925(b) Statement, 11/3/16.

Appellant raises one issue on appeal:

---

[2] Rule 402 provides instructions for service of original process on a defendant.

[3] Although the trial court has not held a hearing to ascertain Appellee's damages, the court's September 16, 2016 Order is appealable as "[a]n [O]rder refusing to open, vacate, or strike off a judgment." **See** Pa.R.A.P. 311(a)(1); **see also Mother's Restaurant, Inc. v. Krystkiewicz**, 861 A.2d 327 (Pa. Super. 2004) (explaining that an Order denying a Petition for relief from Default Judgment was appealable as of right as an order refusing to vacate or strike off a judgment; aggrieved party can seek to open, strike, or vacate entry of default judgment prior to the assessment of damages or entry of a final decree).

> Whether the Pa.R.C.P. Important Notice [*sic*] must be served on a party and any attorney of record for the Prothonotary to have the power to enter a Default Judgment?

Appellant's Brief at 4.

It is axiomatic that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a); ***see also Steiner v. Markel***, 968 A.2d 1253, 1257 (Pa. 2009) (explaining that a Rule 1925(b) Statement can never be used to raise a claim that a party failed to raise before the trial court).

In his Petition to Strike the Default Judgment, Appellant claimed that the Judgment against him was void because Appellee did not properly serve him with the Writ of Summons or the Complaint. The trial court rejected this claim, finding that Appellee requested service of the Complaint by email, and in doing so, agreed to service by electronic means pursuant to Pa.R.C.P. No. 205.4(g).

Dissatisfied by this result, Appellant filed a Notice of Appeal and court-ordered Rule 1925(b) Statement. In his Rule 1925(b) Statement, Appellant challenged the trial court's conclusion with respect to Appellant's Pa.R.C.P. No. 402 service of process, and, **for the first time**, raised a challenge to the propriety of Appellee's Rule 237.1 Notice of Intent to Enter Default Judgment. In his Brief to this Court, Appellant has abandoned his claim of error regarding Rule 402 service of process; instead he argues only that the court erred in finding that Appellee provided him with 237.1 Notice prior to

filing a *Praecipe* to Enter Default Judgment.[4]  Because Appellant raised this issue for the first time in his Rule 1925(b) statement, it is waived.  Appellant is, thus, not entitled to relief.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/20/2017

---

[4] We note it is Appellant's responsibility to set forth expressly in his Brief reference to the place in the record where the issue presented for decision on appeal had been raised below.  **See** Pa.R.A.P. 2117(c) and 2119(e). Appellant has not done so.