J-S02019-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: G.A.T., AN ALLEGED INCAPACITATED PERSON | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: E.D.T. AND T.T. A MINOR | : : : : : : | |
| | : | No. 962 EDA 2023 |

Appeal from the Order Entered March 15, 2023
In the Court of Common Pleas of Chester County Civil Division at No(s):
1516-0786

BEFORE:   LAZARUS, P.J., MURRAY, J., and STEVENS, P.J.E.*

MEMORANDUM BY MURRAY, J.:                    **FILED MARCH 21, 2024**

E.D.T. and T.T., a minor (Appellants), appeal from the orphans' court's
order appointing a co-guardian of the Estate of G.A.T. (hereafter, "G."), an
incapacitated person, which specified the co-guardian's duties, powers, and
compensation.  After careful review, we affirm.

In a related matter, the orphans' court summarized the relevant history
underlying this appeal:

> [Diane M. Cloud] is Guardian of the Estate of [G.] pursuant to the
> order entered September 27, 2016 by the Honorable John L.
> Hall.[FN1]  [Donald F. Kohler, Jr., Esquire,] is her attorney.  On July
> 15, 2022, [Cloud and Attorney Kohler (Petitioners)] filed their
> Petition for the Allowance of Attorneys' Fees alleging that the
> Estate's current and outstanding obligations have been paid and
> that the balance of the two (2) accounts in the Estate totals
> $859,725.01.  Petition, 7/15/2022, 11-12.  Petitioners sought
> from the Estate legal fees and costs totaling $23,621.00 for the

_____

* Former Justice specially assigned to the Superior Court.

period from October 20, 2020[,] to June 28, 2022.    Petition, 7/15/2022, 14.

---

[FN1] **Ms. Cloud is not guardian of [G.'s] person. [G.] was not adjudicated to be incapacitated as to his person, only as to his estate.**

---

        On August 17, 2022, [Appellants] filed their Opposition to Petition Filed 07/15/2022 for Attorneys' Fees.   [Appellants] are the sons of Jerry Toth[,] who is [G.'s] brother[,] and thus [Appellants] are [G.'s] nephews.[FN2]   [Appellants] asked [the orphans'] court to deny the Petition in its entirety because "[Attorney] Kohler represents Cloud personally and not [G.]" Opposition, 8/17/2022.  ***See also*** Opposition, 8/17/22, ¶¶ 48-49

….

        On December 1, 2022, Petitioners filed a second Petition for the Allowance of Attorneys' Fees[,] which updated the one filed July 15, 2022.  Petitioners requested an additional $7,872.50 for [Attorney] Kohler's legal services and costs from July 1, 2022[,] to December 5, 2022.

---

[FN2] [Appellants were] represented by Jerry Toth, who is their father and a licensed attorney.

---

        On December 6, 2022, [the orphans'] court held a hearing on the Petitions and the Opposition and entered [an order].  That order did two (2) things.  First, it dismissed the Opposition filed by [Appellants] on August 17, 2022[,] "for lack of standing and in the alternative pursuant to the doctrine of *res judicata*."  Order, 12/6/2022, p. 1.  Second, it granted the Petition and authorized the Estate to "compensate Donald F. Kohler, Jr., Esquire for reasonable counsel fees and costs in the amount of $31,465.00." Order, 12/6/2022, p. 1.

Orphans' Court Opinion, 3/20/23, at 1-3 (emphasis added, some footnotes omitted).

The orphans' court conducted a review hearing on March 15, 2023. At that time, with G.'s approval, the court appointed Kristen R. Matthews, Esquire, as co-guardian of G.'s estate. N.T., 3/15/23, at 4. The orphans' court issued the following order that same day:

1. Kristen R. Matthews, Esquire[,] is appointed co-guardian of the Estate of [G.] to serve at an hourly rate of $275.00 per hour,[FN]

2. Ms. Matthews's duties include but are not limited to reviewing financial papers previously filed in this case and filing amended papers together with co-guardian Diane Cloud, as appropriate,

3. The co-guardians are authorized to pay down from principal all outstanding indebtedness owed on [G.'s] motor vehicle up to the amount of $23,000; and

4. A review hearing is scheduled for Tuesday, May 25, 2023 ….

---

[FN] Ms. Matthews shall obtain and file of record proof of criminal clearance within ten (10) days of the entry of this order.

Orphans' Court Order, 3/15/23 (footnote in original).

Appellants timely appealed the orphans' court's March 15, 2023, order. The orphans' court did not direct Appellants to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. Notwithstanding, the court filed an opinion explaining its ruling.

Appellants' brief includes no statement of questions involved, as required by Pa.R.A.P. 2111(4). Appellate Rule 2116(a) provides as follows:

**(a)** General rule. The statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail. The statement will be deemed to include every subsidiary question fairly comprised therein. **No question will be considered unless it is**

**stated in the statement of questions involved or is fairly suggested thereby.** Each question shall be followed by an answer stating simply whether the court or government unit agreed, disagreed, did not answer, or did not address the question. If a qualified answer was given to the question, appellant shall indicate the nature of the qualification, or if the question was not answered or addressed and the record shows the reason for such failure, the reason shall be stated briefly in each instance without quoting the court or government unit below.

Pa.R.A.P. 2116(a) (emphasis added). We could deem Appellants' issues waived for failure to include a statement of questions involved in their brief. *See Krebs v. United Ref. Co.*, 893 A.2d 776, 779 (Pa. Super. 2006) ("We will not ordinarily consider any issue if it has not been set forth in or suggested by an appellate brief's statement of questions involved, Pa.R.A.P. 2116(a), and any issue not raised in a statement of matters complained of on appeal is deemed waived."). We decline to do so.

Appellants argue (1) they have standing to seek "guardianship review", Appellants' Brief at 15; (2) the orphans' court proceeding on March 15, 2023, "is tightly intertwined with the matter on appeal, a self-dealing guardian, an incapacitated person without loyal representation", *id.* at 19; and (3) "[a]n error of law has been committed" regarding G.'s mental capacity to waive an attorney's conflicts of interest.[1] *Id.* at 36.

_____

[1] In his Reply Brief, Appellant argues that G.'s attorney, in the litigation related to his mother's estate, had a conflict of interest. Reply Brief at 14. Regarding the instant appeal, Appellant argues, "Representation of [G.] by an attorney opposing [G.'s] interests failed to protect the interests of … [G.]" Reply Brief at 18. Appellant further disputes G.'s mental capacity. *Id.* at 20-21.

The orphans' court opined Appellants had failed to preserve any issues for review:

> Jerry Toth, Esquire[, Appellants' father and counsel,] filed no motion, objection, *etc.*, on behalf of [Appellants] prior to the review hearing and failed to appear at the review hearing held March 15, 2023. "Pennsylvania law is clear that claims and objections that are not timely made are waived." **Steiner v. Markel**, 968 A.2d 1253, 1257 (Pa. 2009) (citing **Takes v. Metropolitan Edison Co.**, 695 A.2d 397, 401 (Pa. 1997) (applying the rule of waiver in the context of trial objections).

Orphans' Court Opinion, 6/21/23, at 1 (footnote omitted).[2]  We agree.

It is axiomatic that claims not raised in the lower court may not be raised for the first time on appeal.  **In re S.C.B.**, 990 A.2d 762, 767 (Pa. Super. 2010); Pa.R.A.P. 302(a).

> In order to preserve an issue for appellate review, a party must make a timely and specific objection at the appropriate stage of the proceedings before the trial court.  Failure to timely object to a basic and fundamental error will result in waiver of that issue.  On appeal the Superior Court will not consider a claim which was not called to the trial court's attention at a time when any error committed could have been corrected.  … [O]ne must object to errors, improprieties[,] or irregularities at the earliest possible stage of the adjudicatory process to afford the jurist hearing the case the first occasion to remedy the wrong and possibly avoid an unnecessary appeal to complain of the matter.

**S.C.B.**, 990 A.2d at 767 (quoting **Thompson v. Thompson**, 963 A.2d 474, 475-76 (Pa. Super. 2008) (citation omitted)).

---

[2] The orphans' court further determined that Appellants lacked standing and cited in support its opinion filed in the appeal at No. 146 EDA 2023.  Orphans' Court Opinion, 6/21/23, at 2.  In that appeal, Appellants challenge the orphans' court's order granting Petitioners' request for attorneys' fees.

Instantly, Attorney Matthews testified at the hearing regarding her qualifications for appointment as co-guardian of G.'s estate. N.T., 3/15/23, at 5, 6-7. Attorney Matthews explained that she previously had acted as G.'s attorney when she drafted his will. *Id.* at 7. Attorney Matthews confirmed her awareness of the potential conflicts caused by her prior representation of G. *Id.* She explained, "I would not serve as co-guardian if there was a conflict. I don't believe there is a conflict and if there is one, I believe it's G.'s to waive." *Id.* at 9.

G. also testified at the hearing:

[Guardian's Counsel:] … Would you like to tell the [c]ourt how you feel about [Attorney] Matthews being appointed as co-guardian?

[G.:] I think she's a wonderful candidate. She came from a wonderful school, Villanova. I read her dossier. She's good as a lawyer, … a lawyer as [*sic*] a guardian. So she has all these aspects that we're hiring for, so why can't we hire her. I have no means to use her as a demeaning way to get evil on anyone. But I will protect my interests. Ms. Cloud needs the help as much as anybody and she'd be a great asset to Ms. Cloud and that's all that matters right now.

….

[Steve Potts, Esquire (G.'s counsel)]: [G.], did you ever meet with [Attorney Matthews] about her being co-guardian?

[G.:] Not personally. I never went over to see her about it. I just wrote her a letter. I said we'd like you to be a lawyer or a lawyer of the guardian, that it's a wonderful idea to work with the dream team: Steve Potts, [Attorney] Kohler, [Attorney] Matthews, and Ms. Cloud. This is the dream team.

Q. … Do you understand that if she acts as co-guardian in that role, she wouldn't be acting as your attorney if she was acting as co-guardian[?]

A. You are my attorney, Steve Potts. And you only are my attorney. I'm not going to use her as a lawyer unless she breaks a leg or something. But only in emergencies we would use her. But I just wanted her, she did successfully write my will, and successfully she will be a good co-guardian. Ms. Cloud needs all the help she can get, and that's all I can say.

*Id.* at 16-18. No one expressed concerns, objected to Attorney Matthews's appointment, or challenged G.'s capacity to waive potential conflicts and approve the appointment.

The record reflects G.'s interests were represented at the hearing, and he personally approved the appointment of Attorney Matthews as co-guardian. As Appellants failed to preserve any issues for appellate review, they are waived on appeal. *See* Pa.R.A.P. 302(a).

Order affirmed.

P.J.E. Stevens joins the memorandum.

P.J. Lazarus concurs in the result.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/21/2024

- 7 -